**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KHALED BEN FARHAT,<br><br>            Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No.    20-70243<br><br>Agency No. A216-025-289<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2021**
Seattle, Washington

Before:  O'SCANNLAIN and CALLAHAN, Circuit Judges, and FITZWATER,***
District Judge.

Khaled Ben Farhat, a native and citizen of Tunisia, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal challenging the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

immigration judge's ("IJ") denial of asylum and withholding of removal based on an adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition. As the facts are known to the parties, we do not repeat them here except as necessary to explain our decision.

Adverse credibility determinations are reviewed for substantial evidence, and the BIA's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Farhat's applications are subject to the REAL ID Act, under which "the IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)).

Substantial evidence supports the IJ's and the BIA's adverse credibility determination here. Farhat maintains that he was attacked by a group of "Salafists," or militant Islamists, in Tunisia, but his testimony regarding this incident was marked by inconsistencies regarding important facts.

First, Farhat initially testified that only one of the men who attacked him was carrying a weapon—*viz.*, a very long knife. But in his asylum application, he indicated that multiple men were armed with knives and swords. When Farhat's counsel asked him to explain the discrepancy, Farhat appeared to change his

2

testimony and stated that the other men who emerged from the vehicle were also carrying weapons. The IJ pressed Farhat to explain why he was changing his testimony but did not receive a satisfactory explanation.

Second, in his testimony, Farhat stated that six men emerged from a vehicle to attack him. In his asylum application, by contrast, he stated that there were about 10 men involved in the attack. The IJ pressed him to address this discrepancy, but the only response offered, by Farhat's counsel, was that the information in the asylum application should be understood as an approximation.

Third, Farhat testified that he ran away from the attackers and returned to his vehicle, where his friend was waiting for him. In his asylum application, however, Farhat indicated that both he and his friend ran back to his vehicle. When the discrepancy was noted by the IJ, Farhat confirmed that his friend remained in the vehicle during the attack, but he did not provide a satisfactory explanation for this inconsistency between his testimony and his application.

There were other inconsistencies in Farhat's testimony. Farhat's account also changed with respect to whether he and his friend had been speaking with two females prior to the attack, the name of the lead attacker, and whether the attackers threatened to behead him.

Farhat maintains that the inconsistencies identified pertain to trivial details that do not affect the heart of his asylum claim or are merely the result of

3

excusable memory lapses.  While some discrepancies in Farhat's account may indeed be regarded as minor, such discrepancies may accumulate to the point that they deprive a petitioner's account of "the requisite ring of truth," and the IJ and the BIA were entitled to conclude so here.  *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (internal quotation marks and citation omitted).  In any event, even if Farhat's characterization of his testimony were plausible, he has not shown that "any reasonable adjudicator would be compelled to conclude" that he was testifying truthfully.  *See Iman*, 972 F.3d at 1064.

In addition, the IJ and the BIA found that Farhat's demeanor was evasive and non-responsive.  The BIA noted several instances in the record in which the IJ became frustrated when Farhat did not answer a question posed, or where there were long pauses prior to Farhat answering a question from counsel or from the IJ.  "We give 'special deference' to a credibility determination that is based on demeanor."  *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005) (quoting *Singh-Kaur v. I.N.S.,* 183 F.3d 1147, 1151 (9th Cir. 1999)).

Accordingly, substantial evidence supports the IJ's and the BIA's adverse credibility determination.

**PETITION DENIED.**